FILED

2010 Mar-10  AM 10:04
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATE DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| JEFFERSON COUNTY, ALABAMA, ) <br> Acting by and through the Jefferson ) <br> County Commission, ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNISYS CORPORATION, ) <br> a Delaware corporation, ) <br> ) <br>     Defendant. ) | Case No.: _____ |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that defendant Unisys Corporation ("Unisys"), pursuant to 28 U.S.C. §§ 1441 and 1446, hereby removes this case from the Circuit Court of Jefferson County, Alabama, to the United States District Court for the Northern District of Alabama, Southern Division, and in support thereof states as follows:

### Timeliness of Removal

1.    Plaintiff commenced this action on February 2, 2010, by filing its Complaint in the Circuit Court of Jefferson County, Alabama. (True and correct copies of all process, pleadings, and order served upon Unisys to date in the Circuit Court of Jefferson County, Alabama, are attached hereto collectively as Exhibit A.)

2.    Unisys was served with the Complaint on February 8, 2010.

3.    Unisys is the only named defendant in this action.

4.    This Notice of Removal is timely because it has been filed within thirty days after Unisys was served with the Complaint.  28 U.S.C. § 1446(b).

### Diversity of Citizenship

5.    This Court has jurisdiction over this action based on diversity of citizenship. *See* 28 U.S.C. §§ 1332 and 1441.

6.    Plaintiff is a political subdivision of the State of Alabama.  (Compl. ¶ 2.)

7.    Unisys is a corporation incorporated under the laws of Delaware, with its principal place of business in Pennsylvania.  (Compl. ¶ 3.)

### Amount in Controversy

8.    The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a).

9.    Plaintiff alleges that Unisys induced it to enter into a contract pursuant to which Unisys would provide "a comprehensive, integrated tax system" that was valued at more than $1.8 million.  (Compl. ¶ 1.)

10.    Plaintiff further alleges that it has paid Unisys over $1 million under that contract (Compl. ¶ 1), and Plaintiff seeks, among other damages, a "disgorgement from Unisys of all monies received" (Compl. ¶ 32).

11.    It is therefore clear from the face of the Complaint that the amount in controversy requirement is satisfied in this action. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1211 (11th Cir. 2007) ("If the jurisdictional amount is . . . stated clearly on the face of the documents before the court . . . then the court has jurisdiction.")

## Other Procedural Requirements

12.    The United States District Court for the Northern District of Alabama, Southern Division, is the federal judicial district encompassing the Circuit Court of Jefferson County, Alabama, where this suit was originally filed.  Therefore, venue is proper in this district for purposes of removal.  28 U.S.C. § 1441(a).

13.    Written notice of the filing of this Notice of Removal will be given to Plaintiff and a copy of this Notice of Removal will be filed with the Clerk of the Circuit Court of Jefferson County, Alabama, as provided by 28 U.S.C. § 1446(d). (*See* Notice of Filing Notice of Removal, attached hereto as Exhibit B.)

WHEREFORE, notice is hereby given that this action is removed from the Circuit Court of Jefferson County, Alabama to the United States District Court for the Northern District of Alabama, Southern Division.

DATED this _9th_ day of March, 2010.

_[signature]_
James C. Barton, Jr. (BAR014)
Bar Number: ASB-0237-B51J
Email: jbartonjr@johnstonbarton.com

Alan D. Mathis (MAT052)
Bar Number: ASB-8922-A59M
Email: adm@johnstonbarton.com

*Attorneys for Defendant,*
*Unisys Corporation*

JOHNSTON BARTON PROCTOR & ROSE LLP
Colonial Brookwood Center
569 Brookwood Village, Suite 901
Birmingham, Alabama  35209
Telephone:  (205) 458-9400
Facsimile:  (205) 458-9500

OF COUNSEL

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of Removal was served by first class mail, postage prepaid, on this _9th_ day of March 2010 upon the following:

Michael S. Denniston, Esq.
Jeffrey D. Dyess, Esq.
Bradley Arant Boult Cummings LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama  35203-2104

_[signature]_
Of Counsel

# EXHIBIT A

| State of Alabama<br>Unified Judicial System<br><br>Form ARCivP-93   Rev. 5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | C V 2 0 1 0 0 0 3 1 0 |
|---|---|---|

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

<u>JEFFERSON COUNTY, ALABAMA</u>   v.   <u>UNISYS CORPORATION</u>

Plaintiff                                                  Defendant

First Plaintiff   ☐ Business   ☐ Individual          First Defendant   ☒ Business   ☐ Individual
                  ☒ Government ☐ Other                                  ☐ Government ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box *(check only one)* that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice - Medical
- ☐ TOLM - Malpractice - Legal
- ☐ TOOM - Malpractice - Other
- ☐ TOFR - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PROPERTY INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/<br>Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☒ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/<br>Injunction Election Contest/Quiet Title/Sale for Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Wills/Trusts/Estates/Guardianships
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN** *(check one):*   F ☒ INITIAL FILING      A ☐ APPEAL FROM DISTRICT   O ☐ OTHER: _____
                          R ☐ REMANDED                  COURT
                                                    T ☐ TRANSFERRED FROM
                                                        OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☒ YES ☐ NO    Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala. R. Civ. P. for procedure)

**RELIEF REQUESTED:** ☒ MONETARY AWARD REQUESTED    ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:** | D E N 0 1 2 |   *Feb. 2, 2010*
                                        Date

Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:** ☐ YES ☐ NO ☒ UNDECIDED

| State of Alabama<br>Unified Judicial System<br><br>Form C-34     Rev 6/88 | **SUMMONS**<br>**-CIVIL-** | **Case Number**<br><br>CV201000310 |
|---|---|---|

IN THE _____ CIRCUIT _____ COURT OF _____ JEFFERSON _____ COUNTY

Plaintiff  JEFFERSON COUNTY, ALABAMA,   v.  Defendant   UNISYS CORPORATION
_____ by/through Jefferson County Commission _____

NOTICE TO _____ UNISYS CORPORATION, c/o The Corporation Company _____

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY   Michael S. Denniston _____ WHOSE ADDRESS IS _____ Bradley Arant Boult Cummings LLP _____
_____ One Federal Building, 1819 Fifth Avenue North, Birmingham, Alabama 35203 _____.

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN _____ 30 _____ DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

---

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:**

[ ]  You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant.

[✓]  Service by certified mail of this summons is initiated upon the written request of _____ Plaintiff _____ pursuant to the Alabama Rules of Civil Procedure.

FILED IN OFFICE

Date _____ FEB 0 2 2010 _____          By: _____ FEB 0 2 2010 _____
                                              Clerk/Register          ANNE-MARIE ADAMS
                                                                              Clerk

[✓]  Certified Mail is hereby requested.

_____ Plaintiff's Attorney's Signature → _____

---

RETURN ON SERVICE: _____ 7009 0080 0001 0674 0356 _____

[ ]  Return receipt of certified mail received in this office on _____.
                                                          (Date)

[ ]  I certify that I personally delivered a copy of the Summons and Complaint to _____
_____ in _____ County,
Alabama on _____.
          (Date)

_____
Date

_____
Address of Server

_____
Server's Signature

_____
Type of Process Server

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | | |
|---|---|---|
| JEFFERSON COUNTY, ALABAMA, | ) | **FILED IN OFFICE** |
| ACTING BY AND THROUGH THE | ) | |
| JEFFERSON COUNTY COMMISSION, | ) | **FEB 0 2 2010** |
| | ) | |
| Plaintiff, | ) | **ANNE-MARIE ADAMS** |
| | ) | **Clerk** |
| v. | ) | CIVIL ACTION NUMBER: |
| | ) | |
| UNISYS CORPORATION, a Delaware | ) | |
| corporation | ) | |
| | ) | |
| Defendant. | ) | CV201000310 |

## COMPLAINT

COMES NOW Jefferson County, Alabama, acting by and through the Jefferson County Commission ("Jefferson County") and for its Complaint against Unisys Corporation ("Unisys") alleges as follows:

1.      Unisys told Jefferson County that it would provide a comprehensive, integrated tax system that would meet Jefferson County's needs, and that it could implement the integrated tax system on time and on budget. Unisys induced Jefferson County to enter into a contract by which it would provide that system that was valued at more than $1.8 million. With change orders and budget overruns, the project cost just for the software license and implementation and integration of the software with other systems as promised by Unisys ballooned to about $2 million. However, after several years of effort, involving numerous missed deadlines by Unisys and its subcontractors, and the payment of over $1 million by Jefferson County to Unisys, the County does not have the integrated tax system promised by Unisys. The integrated tax system

has not been delivered, and the portions which have allegedly been delivered are late, full of defects, unusable, and utterly fail to meet Jefferson County's needs.

## The Parties

2.    Jefferson County is a governmental entity in the State of Alabama that acts through The Jefferson County Commission.

3.    On information and belief, Unisys is a corporation organized under the laws of the State of Delaware, with its headquarters and principal place of business at Unisys Way, Blue Bell, Pennsylvania. Unisys claims that that it is in the business, among other things, of providing consulting, software integration and software implementation services to entities, including public sector entities.

4.    Jurisdiction and venue are proper in this forum because a substantial part of the acts and omissions giving rise to this action occurred here. Jefferson County is located in this County, and Unisys conducts regular and ongoing business activities in this County and State, in connection with its relationship with Jefferson County, and, on information and belief, otherwise.

## Background

5.    Jefferson County provides a wide range of governmental services to the citizens of Jefferson County, Alabama, as well as to the businesses that operate in or do business with Jefferson County. One service Jefferson County provides is assessment and collection of taxes on real property and personal property. Jefferson County provides those tax related services through five distinct, though cooperative, units of government: the Department of Revenue, Board of Equalization, Tax Assessor, Tax Collector, and Treasurer. A common property tax

2

system serves the Tax Collector and Tax Assessor operations.  The Tax Collector and Tax Assessor services, and the efficient and timely operation of those services, are of vital importance to the operations and well-being of Jefferson County and its residents.

6.    The Tax Collector is responsible for billing and collecting property taxes, dealing with taxpayer insolvency, and handing redemption of property, as well as other tax related functions.  That office deals with collections and other issues relating to both real and personal property.  The Tax Collector's office integrates with the Tax Assessor, which is responsible for collecting the data to create and maintain ad valorem real and personal property tax identification, location, and ownership records and GIS tax maps for Jefferson County.

7.    By 2001, Jefferson County had determined that the existing systems used by its departments responsible for tax assessment and tax collection should attempt to take advantage of advances in technology.  Accordingly, in May 2001, Jefferson County released Request for Proposal No. 238-01 (the "RFP"), which sought proposals from qualified bidders for an "Integrated Tax System."  Among other things, the goals of the Integrated Tax System included the ability to identify and collect additional revenue due to Jefferson County, to reduce costs of operation, to improve customer service capabilities, and to allow Jefferson County's information technology personnel the ability to configure and adapt the system for ease and efficiency of use.

8.    Unisys indicated an initial interest in responding to Jefferson County's RFP.  Unisys represented that it had vast experience in providing and implementing tax and revenue software systems for public entities, and specifically touted its alleged experience and expertise in providing solutions for local governmental entities.

9.    Unisys formally responded to the RFP in 2001.  In its response, Unisys proposed that Jefferson County use a Tax Collector System offered by another company, Manatron, Inc.  As

3

presented by Unisys, Manatron allegedly designs, develops, markets and supports a family of web-based and client-server application property software products that are licensed to state and local governments for their property tax assessment and collection needs. The Manatron program is the Manatron MVP Tax Manager Software (the "Manatron Software"). Unisys proposed that Jefferson County retain Unisys to implement the Manatron Software, along with related programs and equipment to be provided by Unisys and Manatron, and that the implementation process would occur over a twenty month period. Unisys claimed that it was capable of providing, and that it would provide overall project management, which would include installation of the Manatron Software, conversion of existing data into formats required by the new system, and training required for successful implementation of the project. Unisys presented itself and Manatron as an integrated team.

10.    Relying upon the representations made by Unisys in its response to the RFP and in meetings with Jefferson County representatives, Jefferson County and Unisys entered into a Master Agreement for Products and Services (the "Master Agreement") effective December 26, 2001. The Master Agreement consisted of the principal master agreement document, together with a number of attachments and schedules, including but not limited to the RFP, the Unisys Response to the RFP, and an agreed upon Statement of Work (which was drafted and approved in April 2002, after execution of the Master Agreement).

11.    The Statement of Work contained a detailed description of the scope of the Integrated Tax System project, as well as the deliverables for the project and a detailed timetable for completion of the project. Notably, the Statement of Work timetable called for start of the project with the "Tax Collector Project Initiation" on April 17, 2002, and various tasks leading to a proposed "Go Live" date in July 2003. After that Go Live date, the Statement of Work

promised completion of substantive work on the project by the end of November 2003. The Statement of Work contemplated additional activities after November 2003 that would include final project status meetings and various exit activities. In any event, Unisys promised that the Integrated Tax System project would be fully completed by the end of 2003.

12.     While Unisys adhered to the schedule it proposed in the Statement of Work at the outset, holding the "Tax Collector Project Initiation" kickoff meeting on April 17, 2002, the timetable quickly began to slip.

13.     An important stage of a project of the size and scope of the Integrated Tax System project is for the vendor to determine the functional requirements of the client. While Unisys's subcontractor, Manatron, was scheduled to complete the requirements review and present a proposed functional requirements document to Jefferson County in early August 2002, it did not provide even the first portion of the proposed requirements documents until late September 2002. However, even that proposed requirements document was deficient, and Jefferson County was unable to accept that document without substantial revisions.

14.     Despite Unisys and Manatron's delays in meeting the critical first step of establishing the requirements for the Integrated Tax System project and obtaining Jefferson County's approval of the requirements, Unisys and Manatron shortly began pulling key personnel off of the Integrated Tax System project. Eventually, by January 2003, Unisys and Manatron had reduced the workforce down to a single employee that would be responsible for writing the functional requirements documents (which, by that time, were over four months late) so that other employees could begin working on the development tasks identified in the Statement of Work.

15.    By March 2003, Unisys acknowledged that the project was behind schedule and that it was in danger of falling further behind schedule.  Unisys acknowledged that it and Manatron had failed to commit adequate resources to the project, while the Jefferson County team was in the position of having to wait on Unisys and Manatron.  In that time frame, Unisys proposed that the project delay the July Go Live date to October 1, 2003.  At that time, Unisys assured Jefferson County that it would commit the needed resources to the project and that it and Manatron would meet the October 1, 2003, Go Live date.

16.    However, by June 2003, Manatron indicated that even if Jefferson County would agree to let Unisys and Manatron undertake the initial implementation of the Integrated Tax System with a reduced scope, Manatron still would not be able to meet the October 1, 2003, second proposed Go Live date.  Unisys and Manatron then proposed a third proposed Go Live date in July 2004.  That is, less than a year into what was supposed to be twenty month project, they proposed a Go Live date that was an entire year off schedule.

17.    To make matters worse, after proposing the July 2004 Go Live date, Unisys and Manatron told Jefferson County in August 2003 that they only would be able to meet the July 2004 Go Live date if the County would let them leave out substantial portions of the functionality that Unisys had promised in the Statement of Work and Master Agreement.

18.    Between August 2003 and July 2004, Unisys and Manatron continued to work on the Integrated Tax System project, but with a decreasing commitment of resources and effort.  Unisys and Manatron missed the third proposed Go Live date of July 2004.

19.    By the end of 2004, Jefferson County had paid over $1 million to Unisys.  For their part, Unisys and Manatron had missed the original and two additional proposed Go Live dates for the Integrated Tax System.  At the end of January 2005, Manatron took the unilateral step of

disbanding its Jefferson County project team that allegedly has been dedicated to the Integrated Tax System project.

20.    Despite Manatron's disbanding of the project team, Jefferson County insisted that Unisys complete the project.  Unisys proposed a fourth Go Live date of May 2, 2005, which it did not meet.

21.    In acknowledgment of the failed status of the Integrated Tax System project, Unisys recruited Manatron back to the "team" and proposed a "Restart" of the project.  Unisys emphasized that it and Manatron were a team that were committed to the Jefferson County project, and asked that Jefferson County put the past behind it and focus on a new beginning of the project.

22.    After that meeting Unisys proposed a fifth Go Live date of March 2006.  Unisys and Manatron did not meet that date, and proposed a sixth Go Live date of August 7, 2006.  Unisys and Manatron likewise missed that deadline.

23.    In August 2006, representatives of Unisys, Manatron, and Jefferson County met again to try to reach a resolution of the disastrous project.  After that meeting, later in 2006, Unisys proposed another "Restart" date of January 16, 2007.

24.    By that time, Jefferson County had had enough.  After expenditure of over $1 million, and roughly six years, Unisys had not been able to provide the Integrated Tax System it had promised and contracted to provide.  On March 20, 2007, Jefferson County declared Unisys's default and breach of contract and provided notice of termination to Unisys of the Master Agreement and of work on the Integrated Tax System project.  After continuing discussions concerning a possible resolution of the dispute, by letter of March 20, 2009, Jefferson County reiterated its declaration of default and its demand upon Unisys.

7

## Count I
### Breach of Contract

25.   Jefferson County hereby incorporates paragraphs 1-24 as if fully set forth in this paragraph.

26.   Unisys and Jefferson County entered into a binding and enforceable agreement respecting the Integrated Tax System project that was embodied in the Master Agreement and the schedules, addenda, and amendments to the Master Agreement.

27.   Jefferson County performed, or attempted to perform, its obligations under the Master Agreement.

28.   Unisys has failed to perform, or has refused to perform its obligations under the Master Agreement despite repeated demands by Jefferson County for Unisys's performance under the Master Agreement.   Despite payments by Jefferson County, Unisys has failed to deliver to Jefferson County the Integrated Tax System solution that it promised it would deliver and implement.  The breach and default of Unisys are so severe that the Master Agreement has failed of its essential purpose.   Unisys is in default under and has breached the Master Agreement.

29.   Jefferson County has suffered damages as a direct and proximate result of Unisys's default and breach.  Jefferson County's damages include direct, indirect, special, incidental and consequential damages.

## Count II
### Unjust Enrichment

30.   Jefferson County hereby incorporates paragraphs 1-29 as if fully set forth in this paragraph.

31.     As described herein, Unisys has been unjustly enriched at Jefferson County's expense for accepting Jefferson County's monetary payments but failing to deliver the Integrated Tax System in a timely manner and in a usable condition. Unisys has been unjustly enriched at Jefferson County's expense for accepting Jefferson County's monetary payments for service fees, while knowing Unisys would fail to complete the project and meet the recognized objectives of Jefferson County for which those services were being rendered. This failure rendered those services worthless.

32.     Jefferson County therefore seeks an accounting and disgorgement from Unisys of all monies received by Unisys from Jefferson County arising out of or related to the Integrated Tax System project.

WHEREFORE, Jefferson County prays that this Court enter a judgment in its favor, such judgment including:

(a)     compensatory damages in an amount to be determined by a jury for all necessary, probable, or natural consequences of Unisys's default under and breach of the Master Agreement, including without limitation all consulting fees, service fees, support fees, and other fees and expenses paid by Jefferson County to Unisys, the value of the time expended by Jefferson County personnel working on the project, and any other consequential or incidental costs or expenses incurred by Jefferson County;

(b)     an accounting of all monies received by Unisys from Jefferson County arising out of or in relation to the Master Agreement, the software and the services, and a disgorgement to Jefferson County of the same;

(c)      compensatory damages in an amount to be determined by a jury for Unisys   and Unisys 's negligence; and

(d)  such further relief as the Court may deem just and proper.

_____
Michael S. Denniston (DEN012)
Jeffrey D. Dyess (DYE004)
Attorneys for Plaintiff
Jefferson County, Alabama

OF COUNSEL:
Bradley Arant Boult Cummings LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: 205-521-8000
Fax: 205-488-6244

## JURY DEMAND

**JEFFERSON COUNTY HEREBY DEMANDS A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.**

_____
OF COUNSEL

10

## REQUEST FOR ISSUANCE OF SUMMONS

Please issue summons and complaint to Defendant by Certified Mail through its registered agent

for service of process:

Unisys Corporation
c/o The Corporation Company
2000 Interstate Park Drive
Suite 204
Montgomery, Alabama 36109

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete Item 4 if Restricted Delivery is desired. <br> ■ Print your name and address on the reverse so that we can return the card to you. <br> ■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature <br> **X** The Corporation Company    ☐ Agent   ☐ Addressee <br> B. Received by (*Printed Name*)   C. Date of Delivery <br> The Corporation Company 2/8/10 |
| 1. Article Addressed to: <br><br> Unisys Corporation <br> c/o The Corporation Company <br> 2000 Interstate Park Drive <br> Suite 204 <br> Montgomery, Alabama 36109 | D. Is delivery address different from Item 1? ☐ Yes <br> If YES, enter delivery address below: ☐ No <br><br> CV201000310 <br><br> 3. Service Type <br> ☒ Certified Mail   ☐ Express Mail <br> ☐ Registered   ☐ Return Receipt for Merchandise <br> ☐ Insured Mail   ☐ C.O.D. <br> 4. Restricted Delivery? (*Extra Fee*)   ☐ Yes |
| 2. Article Number <br> (*Transfer from service label*)   7009 | 7009 0080 0001 0674 0356 |
| PS Form 3811, February 2004     Domestic Return Receipt | 102595-02-M-1540 |

UNITED STATES POSTAL SERVICE

MONTGOMERY AL 36

03 FEB 2010 PM 3

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-40

FILED IN OFFICE

FEB 09 2010

ANNE-MARIE ADAMS
Clerk

• Sender: Please print your name, address, and ZIP+4 in this box •

Circuit Clerk
Jefferson County Circuit Court
Jefferson County Courthouse
716 Richard Arrington Blvd. North
Birmingham, Alabama 35203

# EXHIBIT B

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| **JEFFERSON COUNTY, ALABAMA,**<br>**Acting by and through the Jefferson**<br>**County Commission,** | )<br>)<br>)<br>) |
| **Plaintiff,** | )<br>) |
| **v.** | )   **Case No.: CV-2010-000310** |
| | ) |
| **UNISYS CORPORATION,**<br>**a Delaware corporation,** | )<br>)<br>) |
| **Defendant.** | ) |

### NOTICE OF FILING NOTICE OF REMOVAL

TO:  Clerk of the Circuit Court of Jefferson County, Alabama:

PLEASE TAKE NOTICE that, on March 9, 2009, defendant Unisys Corporation filed in the United States District Court for the Northern District of Alabama, Southern Division, its Notice of Removal of the above-captioned case, a copy of which is attached hereto at Exhibit 1.

_(signature)_

James C. Barton, Jr. (BAR014)
Bar Number:  ASB-0237-B51J
Email:  jbartonjr@johnstonbarton.com

Alan D. Mathis (MAT052)
Bar Number:  ASB-8922-A59M
Email:  adm@johnstonbarton.com

*Attorneys for Defendant,*
*Unisys Corporation*

JOHNSTON BARTON PROCTOR & ROSE LLP
Colonial Brookwood Center
569 Brookwood Village, Suite 901
Birmingham, Alabama 35209
Telephone: (205) 458-9400
Facsimile: (205) 458-9500

OF COUNSEL

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by first class mail, postage prepaid, on this 7th day of March 2010 upon the following:

Michael S. Denniston, Esq.
Jeffrey D. Dyess, Esq.
Bradley Arant Boult Cummings LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203-2104

Of Counsel

W0732968

2