IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JEFFERSON COUNTY, ALABAMA, Acting by and through the Jefferson County Commission, <br><br> Plaintiff, <br><br> v. <br><br> UNISYS CORPORATION, a Delaware corporation, <br><br> Defendant/Third-Party Plaintiff, <br><br> v. <br><br> MANATRON, INC., a Michigan corporation, <br><br> Third-Party Defendant. | Case No.: 2:10-cv-00485-KOB |

**THIRD-PARTY COMPLAINT OF DEFENDANT/THIRD-PARTY
PLAINTIFF UNISYS CORPORATION AGAINST
THIRD-PARTY DEFENDANT MANATRON, INC.**

Pursuant to Rules 14 and 18 of the Federal Rules of Civil Procedure, Defendant/Third-Party Plaintiff Unisys Corporation ("Unisys"), asserts the following third-party complaint against Third-Party Defendant Manatron, Inc. ("Manatron"):

## PARTIES

1. Plaintiff, Jefferson County, Alabama, is a governmental entity and functions as a municipal corporation under the laws of Alabama.

2. Defendant/Third-Party Plaintiff, Unisys, is a Delaware Corporation with its principal place of business in Blue Bell, Pennsylvania. Unisys is a provider of information technology services.

3. Third-Party Defendant, Manatron, is a Michigan Corporation with its principal place of business in Portage, Michigan. Manatron provides enterprise-level, integrated property software systems and services for state and local governments with a focus on property recording, tax assessment, billing and collection.

## FACTS

4. In 2001, Jefferson County issued a Request for Proposals ("RFP") for an Integrated Tax System to replace the existing systems in the Department of Revenue, Board of Equalization, and offices of the Tax Collector and Tax Assessor.

5. Unisys submitted a bid in response to the RFP and proposed a total solution for all components of the Integrated Tax System.

6. After receipt of the bids, the County changed its mind and, instead of awarding one contract for all Integrated Tax System components to the successful bidder, chose to negotiate separate contracts for each component.

7. The County chose Unisys' solutions for the Department of Revenue and Tax Collector components. The County awarded NovaLIS Technologies the solution for the Board of Equalization using its Computer Aided Mass Appraisal ("CAMA") software. No separate solution was awarded for the Tax Assessor's office as the Tax Assessor utilizes both the software from the Board of Equalization and the Tax Collector components to generate its assessments. Unisys was awarded a contract to provide the interface between the Tax Collector and Board of Equalization components for the Tax Assessor's office to use.

8. Unisys and the County entered into a Master Services Agreement on December 26, 2001.

9. In the Spring of 2002, Unisys and the County entered into a Statement of Work ("SOW") for the Tax Collector component of the Integrated Tax System. The price included a fixed component of $1,866,171 plus reimbursement of travel expenses.

10. For the Tax Collector component, Unisys entered into a Software License and Development Subcontract ("Subcontract") with Manatron for

Unisys to provide Manatron Visual Property ("MVP") Tax Manager Software to Jefferson County.

11. Unisys and Manatron agreed to incorporate all applicable provisions of the Master Services Agreement between Unisys and Jefferson County into the Subcontract.

12. As part of the Subcontract, Manatron agreed, among other things, to develop, deliver and install the MVP Tax Manager Software for Jefferson County in accordance with the Master Services Agreement, and to provide support, services, and materials (e.g., user and reference manuals) necessary for the development, installation and operation of the software.

13. Manatron further agreed in the Subcontract that it would comply with the software, equipment and service warranty provisions, functional requirements, specifications and maintenance requirements set forth in the RFP and the Master Services Agreement.

14. On March 20, 2007, Jefferson County terminated the Tax Collector component and has since refused to remit payment for the software, materials, support, and services provided and work performed under the Master Services Agreement and SOW.

15. On February 2, 2010, Jefferson County filed this action against Unisys and asserted two claims related to the Tax Collector component of the Master Services Agreement: breach of contract and unjust enrichment.

16. Despite naming only Unisys as a defendant in this action, Jefferson County repeatedly set forth allegations in its Complaint regarding the acts and omissions of Manatron.

17. Specifically, Jefferson County alleges as to the Tax Collector component that Manatron failed to provide proposed functional requirement documents on time, that the proposed functional requirement document provided was deficient and unacceptable, that Manatron removed key personnel from the project and eventually unilaterally disbanded its project team, that Manatron failed to commit the necessary resources to the project, and that Manatron failed to meet various "Go Live" dates. Complaint, ¶¶ 13-22.

18. Jefferson County alleges that, based on those failures by Manatron, Unisys failed to provide the Tax Collector component of the Integrated Tax System contemplated by the Master Services Agreement and the SOW.

### Count One
(Common Law Indemnity)

19. Unisys hereby incorporates paragraphs 1–18 of its Third-Party Complaint as if fully set forth in this paragraph.

20. Third-Party Defendant Manatron owed a duty to Unisys to provide Jefferson County with the software, materials, documentation, services and support necessary to develop, deliver, install and operate the Tax Collector component of the Integrated Tax System and to comply with all other applicable provisions of the Master Services Agreement and the SOW.

21. Third-Party Defendant Manatron also owed a duty to Unisys to provide Jefferson County with the software, materials, documentation, services and support necessary to develop, deliver, install and operate the Tax Collector component of the Integrated Tax System in a timely fashion.

22. Third-Party Defendant Manatron also owed a duty to Unisys to assign the necessary personnel to the Project and to maintain the staffing levels necessary to allow the Project to be completed in a timely fashion.

23. Manatron also owed Unisys a duty not to expose Unisys to liability stemming from Manatron's acts and/or omissions related to the project.

24. Although Unisys denies Jefferson County's allegations, in the event Jefferson County succeeds on its claims against Unisys, then Manatron breached those duties by not providing Jefferson County with the software, materials, documentation, services and support necessary to develop, deliver, install and operate the Tax Collector component of the Integrated Tax System in a timely fashion, by not maintaining adequate staffing on the Project, and by

not complying with the applicable provisions of the RFP and Master Services Agreement, including but not limited to the functional and specifications requirements set forth therein.

25. Although Unisys denies Jefferson County's allegations, in the event Jefferson County succeeds on its claims against Unisys, then the above described acts and/or omissions committed by Manatron exposed Unisys to liability and are the direct and proximate cause of the resulting damages Unisys has incurred, continues to incur, and may incur in the future.

26. Although Unisys denies Jefferson County's allegations, in the event Jefferson County succeeds on its claims against Unisys, then the above described acts and/or omissions committed by Manatron exposed Unisys to liability and have caused Unisys to suffer damages, including, but not limited to a refusal by Jefferson County to remit full payment for the software, materials, services, and support provided and work performed under the Master Services Agreement, a refusal by Jefferson County to perform under the Master Services Agreement, and an exposure to liability for an alleged breach of the Master Services Agreement.

WHEREFORE, to the extent Unisys is found liable to Jefferson County for any damages claimed in the Complaint, Unisys respectfully requests this Court to enter judgment against Manatron for said amount and, further, to

award actual damages to Unisys in an amount that reflects the damages Unisys has suffered as a result of Manatron's default and breach, including, but not limited to, a refusal by Jefferson County to remit full payment for the software, materials, services, and support provided and work performed under the Master Services Agreement, a refusal by Jefferson County to perform under the Master Services Agreement, an exposure to liability for an alleged breach of the Master Services Agreement, and any further relief this Court deems necessary and just.

## Count Two
### (Breach of Contract)

27.  Unisys hereby incorporates paragraphs 1–26 of its Third-Party Complaint as if fully set forth in this paragraph.

28.  Unisys and Manatron entered into a binding and enforceable agreement for the provision of the MVP Tax Manager Software to Jefferson County and the necessary related materials, services and support, which was embodied in the Subcontract (including all schedules, addenda, and amendments thereto).

29.  Unisys performed or attempted to perform its obligations under the Subcontract.

30.  Although Unisys denies Jefferson County's allegations, in the event Jefferson County succeeds on its claims against Unisys, then Manatron failed to perform and/or refused to perform its obligations under the

Subcontract, including but not limited to failing to provide Jefferson County with the software, materials, documentation, services and support necessary to develop, deliver, install and operate the Tax Collector component of the Integrated Tax System in a timely fashion, by failing to maintain adequate staffing on the project, and by failing to comply with the applicable provisions of the Subcontract, RFP and Master Services Agreement, including but not limited to the functional and specifications requirements set forth therein.

31.   Although Unisys denies Jefferson County's allegations, in the event Jefferson County succeeds on its claims against Unisys, then Manatron therefore was in default under and in breach of the Subcontract.

32.   Although Unisys denies Jefferson County's allegations, in the event Jefferson County succeeds on its claims against Unisys, then Manatron's resulting default and breach of the Subcontract has caused Unisys to suffer damages, including, but not limited to, a refusal by Jefferson County to remit full payment for the software, materials, services, and support provided and work performed under the Master Services Agreement, a refusal by Jefferson County to perform under the Master Services Agreement, and an exposure to liability for an alleged breach of the Master Services Agreement.

WHEREFORE, to the extent Unisys is found liable to Jefferson County for any damages claimed in the Complaint, Unisys respectfully requests this

Court to enter judgment against Manatron for said amount and, further, to award actual damages to Unisys in an amount that reflects the damages Unisys has suffered as a result of Manatron's default and breach, including, but not limited to, a refusal by Jefferson County to remit full payment for the software, materials, services, and support provided and work performed under the Master Services Agreement, a refusal by Jefferson County to perform under the Master Services Agreement, an exposure to liability for an alleged breach of the Master Services Agreement, and any further relief this Court deems necessary and just.

## DEMAND FOR JURY TRIAL

Unisys demands a trial by jury.

/s/ James C. Barton Jr.
James C. Barton, Jr. (BAR014)
Bar Number: ASB-0237-B51J
Email: jbartonjr@johnstonbarton.com
Alan D. Mathis (MAT052)
Bar Number: ASB-8922-A59M
Email: adm@johnstonbarton.com

*Attorneys for Defendant/Third-Party Plaintiff Unisys Corporation*

JOHNSTON BARTON PROCTOR & ROSE LLP
Colonial Brookwood Center
569 Brookwood Village, Suite 901
Birmingham, Alabama 35209
Telephone: (205) 458-9400
Facsimile: (205) 458-9500

OF COUNSEL

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 11, 2010, I electronically filed the foregoing via the Court's CM/ECF system, which will electronically send notice to the following counsel of record:

>Michael S. Denniston, Esq.
>Jeffrey D. Dyess, Esq.
>Bradley Arant Boult Cummings LLP
>One Federal Place
>1819 Fifth Avenue North
>Birmingham, Alabama 35203-2104

>/s/ James C. Barton Jr.
>Of Counsel

W0746690.DOC