# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **JEFFERSON COUNTY, ALABAMA,** | ) |
| **Acting by and through the Jefferson** | ) |
| **County Commission,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   Case No.: 2:10-cv-00485-KOB |
| | ) |
| **UNISYS CORPORATION,** | ) |
| **a Delaware corporation,** | ) |
| | ) |
| **Defendant.** | ) |

## ANSWER TO COUNTERCLAIM

Plaintiff, Jefferson County, Alabama, acting by and through the Jefferson County Commission ("Jefferson County"), responds to the Counterclaim (Doc. #8) of Defendant, Unisys Corporation ("Unisys"), as follows:

In response to the numbered paragraphs of the Counterclaim, Jefferson County states as follows:

1.      Jefferson County admits that it issued a Request for Proposals (the "RFP") in 2001 for an Integrated Tax System (the "Integrated Tax System Project"). To the extent that the remaining allegations of Paragraph 1 attempt to restate, or conflict with the contents of the RFP, Jefferson County denies those allegations.

2. Jefferson County admits that Unisys submitted a bid in response to the RFP. To the extent that the remaining allegations of Paragraph 2 attempt to restate, or conflict with the contents of Unisys's bid, Jefferson County denies those allegations.

3. Jefferson County admits that it negotiated separate contracts for certain different components of the Integrated Tax System project. Jefferson County denies the remaining allegations of Paragraph 3.

4. Jefferson County admits that it entered into a written contract with Unisys regarding the Department of Revenue project for the Integrated Tax System Project. Jefferson County admits that it awarded other components to NovaLIS Technologies. Jefferson County denies the remaining allegations of Paragraph 4.

5. Jefferson County admits that it entered into a written Master Services Agreement on December 26, 2001, with a specific Statement of Work entitled "Revenue Engagement." Jefferson County denies the remaining allegations of Paragraph 5.

6. Jefferson County admits that it entered into a Statement of Work in Spring 2002 entitled "Tax Collector Engagement." To the extent that the remaining allegations of Paragraph 6 attempt to restate, or conflict with the contents of Unisys's bid, Jefferson County denies those allegations.

7. To the extent that the allegations of Paragraph 7 attempt to restate, or conflict with the contents of Unisys's bid, Jefferson County denies those allegations.

8. To the extent that the allegations of Paragraph 8 attempt to restate, or conflict with the contents of Unisys's bid, Jefferson County denies those allegations.

9. To the extent that the allegations of Paragraph 9 attempt to restate, or conflict with the contents of Unisys's bid, Jefferson County denies those allegations.

10. To the extent that the allegations of Paragraph 10 attempt to restate, or conflict with the contents of Unisys's bid, Jefferson County denies those allegations.

11. Jefferson County admits that Unisys gave it the understanding that it had engaged Manatron, Inc. ("Manatron") as a subcontractor and that Manatron intended to provide its Manatron Visual Property Tax Manager Software to Jefferson County. Jefferson County denies the remaining allegations of Paragraph 11.

12. Jefferson County admits that the County and Unisys had a statement of work addressing aspects of the Tax Assessor component. Jefferson County denies the remaining allegations of paragraph 12.

13. Jefferson County states that it does not have knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 13, which has the effect of a denial of those allegations.

14. Jefferson County admits that it, Unisys, and Manatron held requirements meetings in June and July 2002, and that the requirements documentation is important to a successful implementation project. Jefferson County denies the remaining allegations of paragraph 14.

15. Jefferson County admits that the Tax Collector requirements documentation was not completed and approved as scheduled. Jefferson County denies the remaining allegations of paragraph 15.

16. Admitted.

17. Jefferson County denies the allegations of paragraph 17.

18. Jefferson County denies the allegations of paragraph 18.

19. Jefferson County admits that Unisys and Manatron could not meet the original "go live" date. Jefferson County denies the remaining allegations of paragraph 19.

20. Jefferson County denies the allegations of paragraph 20.

21. Jefferson County admits that during the testing of software releases provided by Manatron, that it identified issues with the Manatron software releases. Jefferson County denies the remaining allegations of paragraph 21.

22. Jefferson County denies the allegations of paragraph 22.

23. Jefferson County denies the allegations of paragraph 23.

24. Jefferson County admits that the "go live" date of July 2004 was missed. Jefferson County denies the remaining allegations of paragraph 24.

25. Jefferson County admits that the Revenue Management System went live in 2004. Jefferson County denies the remaining allegations of paragraph 25.

26. Jefferson County denies the allegations of paragraph 26.

27. Jefferson County denies the allegations of paragraph 27.

28. Jefferson County states that it does not have knowledge or information sufficient to form a belief about the truth of the allegations concerning the belief or state of mind of Unisys, which has the effect of a denial of those allegations. Jefferson County denies the remaining allegations of paragraph 28.

29. Jefferson County states that it does not have knowledge or information sufficient to form a belief about the truth of the allegations concerning the belief or state of mind of Unisys or Manatron, which has the effect of a denial of those allegations. Jefferson County denies the remaining allegations of paragraph 29.

30. Jefferson County states that it does not have knowledge or information sufficient to form a belief about the truth of the allegations concerning the understanding or state of mind of Unisys, which has the effect of a denial of

those allegations. Jefferson County denies the remaining allegations of paragraph 30.

31. Jefferson County admits that discussions among Unisys, Jefferson County, and Manatron occurred in or around June 2005. Jefferson County denies the remaining allegations of paragraph 31.

32. Jefferson County denies the allegations of paragraph 32.

33. Jefferson County denies the allegations of paragraph 33.

34. Jefferson County admits that NovaLIS filed for bankruptcy protection and that it ceased work on a project for Jefferson County. Jefferson County states that it does not have knowledge or information sufficient to form a belief about the truth of the allegations concerning the understanding or state of mind of Unisys, or the assumptions of Unisys or Manatron, which has the effect of a denial of those allegations. Jefferson County denies the remaining allegations of paragraph 34.

35. Jefferson County denies the allegations of paragraph 35.

36. Jefferson County denies the allegations of paragraph 36.

37. Jefferson County denies the allegations of paragraph 37.

38. Jefferson County denies the allegations of paragraph 38.

39. Jefferson County denies the allegations of paragraph 39.

40. Jefferson County denies the allegations of paragraph 40.

41. Jefferson County denies the allegations of paragraph 41.

42. Jefferson County admits that it terminated the Tax Collector project on March 20, 2007. Jefferson County denies the remaining allegations of paragraph 42.

43. Jefferson County admits that it terminated the Tax Assessor Interface project. Jefferson County denies the remaining allegations of paragraph 43.

44. Jefferson County denies the allegations of paragraph 44.

45. Jefferson County denies the allegations of paragraph 45.

46. Jefferson County denies the allegations of paragraph 46.

47. Jefferson County incorporates the responses and averments in paragraphs 1-46 as if set forth fully in this paragraph.

48. Admitted.

49. Jefferson County denies the allegations of paragraph 49.

50. Jefferson County denies the allegations of paragraph 50.

51. Jefferson County denies the allegations of paragraph 51.

52. Jefferson County incorporates the responses and averments in paragraphs 1-51 as if set forth fully in this paragraph.

53. Jefferson County denies the allegations of paragraph 53.

54. Jefferson County denies the allegations of paragraph 54.

## AFFIRMATIVE AND OTHER DEFENSES

In further response to the Counterclaim of Unisys, Jefferson County states as follows:

## FIRST AFFIRMATIVE DEFENSE

Jefferson County denies all allegations set forth in Unisys' counterclaim that have not been specifically admitted or denied as above.

## SECOND AFFIRMATIVE DEFENSE

The Counterclaim, and each and every count of the Counterclaim, separately and severally, fails to state a claim upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

The Counterclaim, and each and every count of the Counterclaim, separately and severally, is barred by the applicable statute of limitations.

## FOURTH AFFIRMATIVE DEFENSE

The Counterclaim, and each and every count of the Counterclaim, separately and severally, is barred by the acts or omissions of Unisys.

## FIFTH AFFIRMATIVE DEFENSE

The Counterclaim, and each and every count of the Counterclaim, separately and severally, is barred by the breach of contract by Unisys.

## SIXTH AFFIRMATIVE DEFENSE

The Counterclaim, and each and every count of the Counterclaim, separately and severally, is barred by the failure of Unisys and its subcontractors to perform their obligations to Jefferson County.

## SEVENTH AFFIRMATIVE DEFENSE

No act or omission of Jefferson County caused Unisys to suffer any damages.

## EIGHTH AFFIRMATIVE DEFENSE

To the extent that Unisys has incurred any damages, those damages are the result of acts or omissions of Manatron, or other third parties.

## NINTH AFFIRMATIVE DEFENSE

Unisys has failed to mitigate any alleged damages.

## TENTH AFFIRMATIVE DEFENSE

The Counterclaim, and each and every count of the Counterclaim, separately and severally, is barred by the failure of Unisys to satisfy the requirements of Alabama Code §§ 6-5-20 & 11-12-8.

## ELEVENTH AFFIRMATIVE DEFENSE

The Counterclaim, and each and every count of the Counterclaim, separately and severally, is barred by the failure of Unisys to satisfy conditions precedent.

## TWELFTH AFFIRMATIVE DEFENSE

The Counterclaim, and each and every count of the Counterclaim, separately and severally, is barred by the doctrine of unclean hands.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Counterclaim, to the extent that it seeks an equitable remedy, is barred by the failure of Unisys to do equity.

## FOURTEENTH AFFIRMATIVE DEFENSE

Unisys is not entitled to the relief requested in the Counterclaim.

## FIFTEENTH AFFIRMATIVE DEFENSE

The Counterclaim, and each and every count of the Counterclaim, separately and severally, is barred by the doctrine of waiver.

## SIXTEENTH AFFIRMATIVE DEFENSE

The Counterclaim, and each and every count of the Counterclaim, separately and severally, is barred by the doctrine of estoppel.

Jefferson County reserves the right to add different, alternative, or supplemental responses and defenses as discovery proceeds, in accordance with the orders that may be entered by the Court.

s/Michael S. Denniston

Michael S. Denniston
Bar No. asb-6906-o45m
One of the Attorneys for Plaintiff

OF COUNSEL:

Bradley Arant Boult Cummings LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8000
Facsimile:  (205) 521-8800
mdenniston@babc.com

**JURY DEMAND**

**JEFFERSON COUNTY HEREBY DEMANDS A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.**

s/Michael S. Denniston

OF COUNSEL

## **CERTIFICATE OF SERVICE**

       I hereby certify that on June 18, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    James C. Barton, Jr.
    Alan D. Mathis
    Johnston Barton Proctor & Rose LLP
    Colonial Brookwood Center
    569 Brookwood Village, Suite 901
    Birmingham, AL 35209

                              Respectfully submitted,

                              s/Michael S. Denniston
                              Michael S. Denniston (asb-6906-o45m)
                              Bradley Arant Boult Cummings LLP
                              One Federal Place
                              1819 Fifth Avenue North
                              Birmingham, AL 35203-2104
                              Telephone: (205) 521-8000
                              Facsimile: (205) 521-8800
                              E-mail: mdenniston@babc.com