FILED
2010 Jul-30 PM 04:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **JEFFERSON COUNTY, ALABAMA,** ) <br> **Acting by and through the Jefferson** ) <br> **County Commission** ) <br> ) <br>     **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **UNISYS CORPORATION,** ) <br> ) <br>     **Defendant/Third-Party Plaintiff,**) <br> ) <br> v. ) <br> ) <br> **MANATRON, INC.,** ) <br> ) <br>     **Third-Party Defendant.** ) | **CASE NO. 2:10-cv-00485-KOB** |

## MOTION TO DISMISS

Manatron, Inc., under Rule 12(b)(6) of the Federal Rules of Civil Procedure, moves the Court to dismiss Count One of Unisys Corporation's Third-Party Complaint. Count One states no ground, recognized in Alabama law, for forcing Manatron, Inc. ("Manatron") to indemnify Unisys Corporation ("Unisys") for whatever liability Unisys may have to Jefferson County under the main Complaint. Count One of the Third-Party Complaint should therefore be dismissed.

## OVERVIEW

Alabama law does not recognize the theory that Count One advances — a claim for "common law indemnity" — in a contract case where the agreement sued upon *rules out indemnification*.  Allowing Count One's novel theory to proceed would let Unisys escape the terms of its subcontract with Manatron.  It would also undermine indemnity agreements throughout Alabama.

This is a contract case.  But under the parties' agreement, there is no contractual indemnity.  There is therefore *no* indemnity.  "Common law indemnity" is not a claim in Alabama law, under the circumstances of this case, and states nothing on which relief may be granted.

## ARGUMENT

This case sounds entirely in contract.  Both Unisys's Third-Party Complaint, and Jefferson County's principal Complaint, allege breaches of contractual obligations to develop software.  This case raises no question in tort.

Furthermore, the contract that is being sued upon — the Manatron subcontract — *contains an indemnity clause.*  That clause just does not come anywhere close to covering the type of liability alleged here.  If it did, it would be front and center in Unisys's Complaint, and there would be a claim in that Complaint for contractual indemnity.  But there is not.  The indemnity clause is instead conspicuously absent from Unisys's pleading.  While the subcontract

2

otherwise appears throughout the Third-Party Complaint, the indemnity clause is not mentioned.[1]  Unisys instead advances something that Alabama law does not recognize: a claim for "common law indemnity" in a wholly contractual case where an indemnity term exists.  Unisys is trying an end run around the terms of its subcontract with Manatron.  And it is doing so in a way that would degrade Alabama contract law in general.

## I.    Rule 12(b)(6)

"When reviewing a complaint under Rule 12(b)(6), the court accepts all well-pleaded allegations as true and views the motion in the light most favorable to the non-moving party."[2]  A claim that is not recognized under the governing substantive law of course states no claim for relief under Rule 12(b)(6).  Such a claim "fails as a matter of law and must be dismissed with prejudice."[3]

## II.   Unisys's Claims

Unisys brings two claims against Manatron.  Count One is for "common law indemnity."[4]  (Though, as we shall see, this claim might be more accurately labeled

---

[1] *See* Third-Party Compl., *passim*.

[2] *Grosscup v. Pantano,* 2010 WL 2889495, 10 (S.D. Fla.); *accord, e.g., Erickson v. Pardus,* 551 U.S. 89 (2007); *United Techs. Corp. v. Mazer,* 556 F.3d 1260, 1269-70 (11th Cir. 2009).

[3] *Pierson v. Orlando Regional Healthcare Sys., Inc.,* 619 F. Supp. 2d 1260, 1285 (M.D. Fla. 2009) (dismissing under Rule 12(b)(6) "false light" claim that Florida did not recognize).

[4] Third-Party Compl., ¶¶ 19-26.

"counter-contractual" indemnity.)  Count Two is for breach of contract.[5]  Both relate to an underlying contract in which Unisys agreed to provide Jefferson County with computer software.  (That agreement is the subject of the County's principal Complaint.)  Unisys then subcontracted work to Manatron; it is that subcontract which forms the basis of Unisys's third-party claims against Manatron.[6]

### III.  Alabama Indemnity Law

#### A.  Contractual Indemnity

Alabama law permits indemnification in both contract and tort.  Contractual indemnity needs little description.  Complications aside, one party may be bound to indemnify another where the parties have so agreed.  Contractual indemnity provisions are enforceable in Alabama.[7]

The subcontract between Unisys and Manatron contains an indemnity clause.  That clause binds Manatron to indemnify Unisys for (in short) only two things: claims related to intellectual-property infringement, and those related to

---

[5] *Id.*, ¶¶ 27-32.

[6] *See id.*, ¶¶ 7-32; Compl., ¶¶ 7-24.

[7] *See, e.g., Nationwide Mut. Ins. Co. v. Hall,* 643 So. 2d 551 (Ala. 1994) (enforcing indemnity clause in property-management contract).

personal injury or property damage, arising from Manatron's performance of the subcontract.[8]

The subcontract's indemnity clause is *not* directed at the type of liability alleged here: a failure to meet the commitments of the software-development agreements. The indemnity clause is thus absent from the Third-Party Complaint — a document which stems from, and is otherwise covered with references to, the subcontract. Unisys makes no straightforward claim for contractual indemnity because it knows that the Manatron subcontract does not provide for indemnification in these circumstances.

B.  Tort

In limited situations, Alabama also permits indemnification among joint tortfeasors. This is not a tort case, of course; the liability alleged here, both in the Third-Party Complaint and in the principal Complaint, is wholly contractual. All parties defendant in this case are charged only with failing to meet their obligations under software-development contracts. We consider indemnification in tort for completeness, in order to name (in broad strokes) all the cases in which Alabama law allows one party to seek indemnity from another. By thus surveying the subject, we will bracket out more completely Unisys's odd plea for "common law

---

[8] Subcontract ¶ XI. A copy of the relevant pages of the Unisys-Manatron subcontract is attached to the end of this motion.

indemnity," and show that it is not viable — that, from all perspectives, it states no claim upon which relief may be granted.

The most frequently encountered statement on indemnity in Alabama tort law runs as follows:

> As a general rule under Alabama law, there is no right of indemnity or contribution among joint tortfeasors. *Kennedy Engine Co. v. Dog River Marina & Boatworks, Inc.*, 432 So. 2d 1214, 1215 (Ala. 1983); *Consolidated Pipe & Supply Co. v. Stockham Valves and Fittings, Inc.*, 365 So. 2d 968, 970 (Ala.1978). However, there is an exception to this rule. This exception is "that a joint wrongdoer may claim indemnity where he has not been guilty of any fault, except technically or constructively, or where both parties are at fault, but the fault of the party from whom indemnity is claimed was the efficient cause of the injury. . . ." *Mallory S.S. Co. v. Druhan*, 17 Ala. App. 365, 84 So. 874, 877 (1920); *see also J.C. Bradford & Co. v. Calhoun*, 612 So. 2d 396, 398 (Ala. 1992); *Crigler v. Salac*, 438 So. 2d 1375, 1385 (Ala. 1983)"[9]

The "technical or constructive" liability mentioned here usually means vicarious liability, of the *respondeat superior* type, which no one here alleges.[10] As for the "efficient cause" exception, this is more frequently seen as the elaboration that a tortfeasor who was "guilty of only *passive* negligence" may seek indemnity from a joint tortfeasor who was "guilty of *active* negligence."[11]

---

[9] *Coates v. CTB,* 173 F. Supp. 2d 1200, 1203 (M.D. Ala. 2001).

[10] *See, e.g., Jones, Morrison,* 939 So. 2d at 902-04s . For the absence of vicarious liability from this case, see Third-Party Compl., *passim*, and Compl., ¶¶ 25-32.

[11] *E.g., Coates,* 173 F. Supp. 2d at 1203 (quoting *Mallory,* 84 So. at 877); *Consolidated Pipe, supra*.

Common-law indemnity in Alabama is wholly a creature of tort. Nothing in Alabama law suggests that common-law indemnity can arise in fully contractual suits, to say nothing of arising only to thwart a governing indemnity clause.

## IV.   Unisys's "Common Law Indemnity" Claim Is Not Viable

We can now make three culminating observations about Unisys's claim for "common law indemnity."

First, contractual breaches *can* provide the basis for distinguishing active from passive wrong for purposes of laying indemnity — in cases that contain tort claims.[12]  But that is not this case. Neither the Third-Party Complaint, nor the principal Complaint, seeks tort-based recovery.  Every wrong asserted, every ground of liability, encompasses an alleged breach of the obligations undertaken in software-development contracts.  Between the County and Unisys, in the main dispute; and, in this attempted impleader suit, between Unisys and Manatron.  This suit is wholly contractual.  Unisys cannot invoke tort-based indemnity rules here to create liability where otherwise none exists.

Second, having denied Unisys's right to do so, we should observe that sliding quietly into the realm of tort-based indemnity exceptions may be exactly what Unisys is trying to do with its "common law indemnity" claim.  Count One of

---

[12] *See Mallory*, 84 So. at 877 (cited in *Coates*, 173 F. Supp. 2d at 1203).

7

the Third-Party Complaint claims that Manatron owed Unisys various "duties."[13] As Unisys's breach-of-contract claim appears in Count Two, Count One may be read as suggesting *tort* duties.  This is especially true of the peculiar allegation that Manatron had a "duty not to expose Unisys to liability" to the County.[14]  But even Unisys ties this duty exclusively to alleged *contractual* liabilities.[15]  No tort duties or liabilities are involved here.

      Third, Unisys's final aim is now apparent.  It could not bring a contractual indemnity claim because its subcontract with Manatron did not provide for indemnity in these circumstances.  Unisys thus crafted a claim for "common law indemnity" to escape the terms of its agreement with Manatron.  Put differently, Unisys penned Count One hoping that in linguistic and doctrinal vagueness it might find open space among the established poles of Alabama indemnity law.  What it has found is dead space.  Alabama law does not recognize claims for "common law indemnity" in cases like this — cases that are wholly contractual and which, into the bargain, *involve an indemnity provision.*

* * *

---

[13] Third-Party Compl., ¶¶ 20-23.

[14] *Id.,* ¶ 23.

[15] *Id.,* ¶¶ 24, 26; pp. 7-8 (*ad damnum* clause) ("exposure to liability *for an alleged breach of the Master Services Agreement*) (emphasis added).

Allowing Unisys to proceed on its "common law indemnity" claim would have negative consequences beyond this lawsuit.  Recognizing that claim — even though the parties have contractually *ruled out* indemnification — would undermine the reliability of indemnity provisions throughout Alabama.  If Unisys has a claim against Manatron, then it can seek due remedy through a direct contract claim.  But it cannot seek indemnity where the law does not provide it.

## CONCLUSION

Unisys has no right to indemnity from Manatron.  The parties' agreement does not provide for indemnity, and Alabama law does not recognize Unisys's claim for "common law indemnity."  Under Rule 12(b)(6), Manatron thus asks the Court to dismiss Count One of Unisys's Third-Party Complaint with prejudice.

        s/ Jacob M. Tubbs
        One of the Attorneys for Manatron, Inc.

OF COUNSEL:
Jackson R. Sharman III (SHARJ6416)
*jsharman@lightfootlaw.com*
Jacob M. Tubbs (TUBBJ7822)
*jtubbs@lightfootlaw.com*
C. Ryan Germany (GERMC2030)
*rgermany@lightfootlaw.com*
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama  35203
Telephone (205) 581-0700
Facsimile (205) 581-0799

## **CERTIFICATE OF SERVICE**

  This is to certify that on this 30th day of July, 2010, a true and correct copy of the foregoing was served on the following counsel of record as indicated:

Jeffrey D. Dyess, Esq.  *jdyess@babc.com*
Michael S. Denniston, Esq. *mdenniston@babc.com*
Bradley Arant Boult Cummings LLP
P. O. Box 830709
Birmingham, AL  35283
via electronic notice through CM/ECF

James C. Barton Jr., Esq. *jbartonjr@johnstonbarton.com*
Alan D. Mathis, Esq.  *adm@johnstonbarton.com*
Johnston Barton Proctor & Rose, LLP
569 Brookwood Village, Ste. 901
Birmingham, AL  35209
via electronic notice through CM/ECF

           s/ Jacob M. Tubbs
           Of Counsel