# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **JEFFERSON COUNTY, ALABAMA,** ) <br> **Acting by and through the Jefferson** ) <br> **County Commission** ) <br> ) <br>     **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **UNISYS CORPORATION,** ) <br> ) <br>     **Defendant/Third-Party Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **MANATRON, INC.,** ) <br> ) <br>     **Third-Party Defendant.** ) | CASE NO. 2:10-cv-00485-KOB |

## **ANSWER**

Third-Party Defendant Manatron, Inc. ("Manatron") hereby answers Defendant/Third-Party Plaintiff Unisys Corporation's Third-Party Complaint as follows:

1.  Admitted, based upon information and belief.

2.  Manatron admits that Unisys Corporation ("Unisys") is a Delaware corporation. Manatron lacks sufficient information to admit or deny the remaining allegations of this paragraph, and therefore denies them.

3.  Admitted.

4. Admitted, based upon information and belief.

5. Admitted, based upon information and belief.

6. Admitted, based upon information and belief.

7. Admitted, based upon information and belief.

8. Admitted, based upon information and belief.

9. Admitted, based upon information and belief.

10. Admitted.

11. Admitted.

12. The Subcontract speaks for itself. Manatron denies this paragraph to the extent it is inconsistent with the Subcontract.

13. The Subcontract speaks for itself. Manatron denies this paragraph to the extent it is inconsistent with the Subcontract.

14. Admitted, based upon information and belief.

15. Admitted.

16. Manatron admits that Jefferson County named only Unisys as a defendant. Manatron denies the remaining allegations of this paragraph.

17. The allegations of Jefferson County's complaint against Unisys speak for themselves. Manatron denies that any of the allegations of Jefferson County's complaint were, or should have been, directed to it instead of Unisys. Manatron denies the remaining allegations of this paragraph.

18.     The allegations of Jefferson County's complaint against Unisys speak for themselves. Manatron denies that Jefferson County alleges that Manatron's failure was the basis for Unisys's failure to provide the Tax Collector component of the Integrated Tax System.

## Count 1
## Common Law Indemnity

For the reasons stated in its Motion to Dismiss filed previously in this action, Manatron denies all of the allegations of, and moves to dismiss, Count One of the Third-Party Complaint.

## Count 2
## Breach of Contract

27.     Manatron reasserts its responses to paragraphs 1-26 of the Third-Party Complaint as if fully set forth in this paragraph.

28.     Manatron admits that it entered into an agreement for the provision of the Tax Manager Software to Jefferson County.  The terms of the Subcontract speak for themselves.  Manatron denies the allegations of this paragraph to the extent they are inconsistent with the Subcontract.

29.     Manatron denies that Unisys fully performed all of its obligations under the Subcontract. To the extent that any of the statements in paragraph 29 could be construed against Manatron, they are denied.

30.     Denied.

31. Denied.

32. Denied.

Manatron further denies that Unisys is entitled to any of the relief requested in the paragraph entitled "Wherefore" following paragraph 32.

## AFFIRMATIVE DEFENSES

If necessary and/or in the alternative, Manatron raises the following affirmative and other defenses, but reserves the right to amend its Answer to raise any additional affirmative and other defenses that it may have against Plaintiff's claims:

### FIRST AFFIRMATIVE DEFENSE

Unisys's complaint fails to state claims upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Venue in this district/division may be improper or inconvenient.

### THIRD AFFIRMATIVE DEFENSE

Unisys's complaint is barred, in whole or in part, by the applicable statutes of limitations.

### FOURTH AFFIRMATIVE DEFENSE

Unisys's complaint is barred, in whole or in part, by the actions or inactions of Unisys.

FIFTH AFFIRMATIVE DEFENSE

No act or omission of Unisys caused Unisys to suffer any damages.

SIXTH AFFIRMATIVE DEFENSE

Unisys's purported claims and/or damages are the result of the actions of third-parties, over whom Manatron had no control or duty to control.

SEVENTH AFFIRMATIVE DEFENSE

To the extent that Unisys suffered any damages, the same being specifically denied, those damages were caused by the acts or omissions of Unisys.

EIGHTH AFFIRMATIVE DEFENSE

To the extent that Unisys suffered any damages, the same being specifically denied, those damages were caused by persons and/or entities over whom Manatron had no control or duty to control.

NINTH AFFIRMATIVE DEFENSE

To the extent that Unisys suffered any damages, which Manatron denies, Unisys failed to mitigate its damages.

TENTH AFFIRMATIVE DEFENSE

Unisys's complaint is barred, in whole or in part, by Unisys's failure to join an indispensable party.

Case 2:10-cv-00485-KOB   Document 22   Filed 07/30/10   Page 6 of 13

## ELEVENTH AFFIRMATIVE DEFENSE

Unisys's complaint is barred, in whole or in part, by the doctrines of waiver and/or estoppel.

## TWELFTH AFFIRMATIVE DEFENSE

Unisys's complaint is barred, in whole or in part, by the doctrine of unclean hands.

## THIRTEENTH AFFIRMATIVE DEFENSE

Unisys's claims are barred by its own breach of the contract at issue.

## FOURTEENTH AFFIRMATIVE DEFENSE

Unisys's claims are barred because they do not satisfy the requirements of Rule 14 of the Federal Rules of Civil Procedure.

## FIFTEENTH AFFIRMATIVE DEFENSE

Unisys has failed to properly implead Manatron, as Manatron is not liable for all or any part of its liability, if any, to Jefferson County.

## SIXTEENTH AFFIRMATIVE DEFENSE

Unisys's claims may be subject to binding arbitration under the Federal Arbitration Act, 9 U.S.C. §§ 1, *et. seq.*

## SEVENTEENTH AFFIRMATIVE DEFENSE

Unisys's claims for breach of contract are barred by the terms and conditions of the contracts made the basis of this lawsuit.

6

### EIGHTEENTH AFFIRMATIVE DEFENSE

Unisys has failed to satisfy all conditions precedent to recover on its claims for breach of contract.

### NINETEENTH AFFIRMATIVE DEFENSE

Unisys's alleged losses are subject to and barred by all of the terms and conditions of the contract(s) made the basis of its claims.

### TWENTIETH AFFIRMATIVE DEFENSE

To the extent any of the damages claimed by Unisys have been or will be indemnified in whole or in part from any collateral source, including, but not limited to any insurance or settlement proceeds, any verdict of judgment against Manatron must be reduced by those amounts.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Unisys's claims are barred in whole or in part by acquiescence and participation by Unisys without objection in the continuing course of performance by Manatron.

### **COUNTERCLAIM**

Third-Party Defendant Manatron, pursuant to Fed. R. Civ. P. 13, hereby asserts the following counterclaims against Defendant/Third-Party Plaintiff Unisys:

# FACTS

1. In February 2002, Manatron and Unisys entered into a Software License and Development Subcontract ("Subcontract").

2. The Subcontract included a Statement of Work for the Tax Collector Project ("SOW"), which outlines the project requirements and the respective resources and tasks to be provided each party.

3. Under the SOW, Unisys was to pay Manatron $1,374, 563, plus actual expenses, for the development and implementation of the Manatron Visual Property (MVP) Tax Manager Software. The $1,374,563 was to be paid to Manatron "based upon the same formula that Unisys expects to receive payment from Jefferson County."

4. Unisys has admitted that Jefferson County paid it over $1 million by the end of 2004 for work that Unisys and Manatron had completed on the Tax Collector Project.

5. Manatron has delivered all of the required products and services it was required to provide under the SOW to Unisys and Jefferson County, and has fully performed or attempted to perform all of its obligations under the Subcontract and the SOW.

6. In breach of its obligations under the Subcontract and SOW, Unisys has failed to pay Manatron as required by the SOW.

7. Unisys has failed to pay Manatron for services rendered, product delivered, and expenses; and has failed to provide the necessary support and assistance in implementing the delivered components.

## Count One
### (Breach of Contract)

8. Manatron hereby incorporates paragraphs 1-7 of its Counterclaim as if fully set forth in this paragraph.

9. Manatron and Unisys entered into a binding and enforceable agreement regarding the Jefferson County Tax Collector Project, which was embodied in the Subcontract and the SOW.

10. Manatron performed or attempted to perform all its obligations under the Subcontract and the SOW.

11. At the time Jefferson County terminated its contract with Unisys, Manatron was ready, able, and willing to provide ongoing service and support for the Tax Collector project pursuant to the Subcontract and SOW.

12. Unisys failed to perform its obligations under the Subcontract and the SOW by, and including without limitation, failing to make remaining payments to Manatron despite due demand, and failing to provide the necessary support and assistance in implementing the delivered components.

13. Manatron has suffered actual damages, on which interest and late charges continue to accrue, directly and proximately caused by Unisys's breach.

WHEREFORE, Manatron requests judgment against Unisys for all damages caused by Unisys's breach of contract, including direct, indirect, special, incidental, and consequential damages, plus interest, late charges, costs and attorneys' fees, and any additional relief to which Manatron is entitled.

## Count Two
### (Unjust Enrichment)

14. Manatron hereby incorporates paragraphs 1-13 of its Counterclaim as if fully set forth in this paragraph.

15. Manatron fully performed or attempted to perform its obligations to the benefit of Unisys under the Subcontract and SOW.

16. Unisys received and has retained these benefits, but, despite due demand, failed to pay Manatron as required by the Subcontract and SOW.

17. Unisys has no legitimate reason to withhold payment rightfully due to Manatron.

18. Unisys's unjust refusal to pay Manatron, despite receiving the benefit of Manatron's performance, has proximately and directly caused Manatron to suffer damages.

WHEREFORE, Manatron requests judgment against Unisys for all monies retained by Unisys rightfully due to Manatron, plus interest, late charges, costs and attorneys' fees, any additional damages caused by Unisys's wrongful withholding, and any additional relief to which Manatron is entitled.

## Count Three
## Money Had and Received

19.     Manatron hereby incorporates paragraphs 1-18 of its Counterclaim as if fully set forth in this paragraph.

20.     Manatron fully performed or attempted to perform its obligations pursuant to the Subcontract and the SOW.

21.     Unisys received the benefit of Manatron's performance in the course of performing its own contract with Jefferson County.

22.     Unisys has received and continues to hold monies paid to it by Jefferson County.

23.     Some or all of those monies rightfully belong to Manatron, as Unisys has received the benefit of Manatron's performance but has not paid Manatron pursuant to the Subcontract and the SOW.

WHEREFORE, Manatron requests judgment against Unisys for all monies retained by Unisys rightfully due to Manatron, plus interest, late charges, costs and attorneys' fees, any additional damages caused by Unisys's wrongful withholding, and any additional relief to which Manatron is entitled.

## DEMAND FOR A JURY TRIAL

Manatron demands a trial by jury.

                    s/ Jacob M. Tubbs
                    One of the Attorneys for
                    Manatron, Inc.

OF COUNSEL:
Jackson R. Sharman III (SHARJ6416
*jsharman@lightfootlaw.com*
Jacob M. Tubbs (TUBBJ7822)
*jtubbs@lightfootlaw.com*
C. Ryan Germany (GERMC2030)
*rgermany@lightfootlaw.com*
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama  35203
Telephone (205) 581-0700
Facsimile (205) 581-0799

## **CERTIFICATE OF SERVICE**

    This is to certify that on this 30th day of July, 2010, a true and correct copy of the foregoing was served on the following counsel of record as indicated:

Jeffrey D. Dyess, Esq.  *jdyess@babc.com*
Michael S. Denniston, Esq. *mdenniston@babc.com*
Bradley Arant Boult Cummings LLP
P. O. Box 830709
Birmingham, AL  35283
via electronic notice through CM/ECF

James C. Barton Jr., Esq. *jbartonjr@johnstonbarton.com*
Alan D. Mathis, Esq.  *adm@johnstonbarton.com*
Johnston Barton Proctor & Rose, LLP
569 Brookwood Village, Ste. 901
Birmingham, AL  35209
via electronic notice through CM/ECF

            s/ Jacob M. Tubbs
            Of Counsel