FILED
2010 Aug-27 PM 03:17
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **JEFFERSON COUNTY, ALABAMA, Acting by and through the Jefferson County Commission,** | ] | |
| **Plaintiff,** | ] | |
| **v.** | ] | **CV-10-BE-0485-S** |
| **UNISYS CORPORATION, a Delaware Corporation,** | ] | |
| **Defendant.** | ] | |

**SCHEDULING ORDER**

The court has before it the "Report of Parties' Planning Meeting" (doc. 18) filed July 28, 2010**,** under Fed. R. Civ. P. 26(f), and held a scheduling conference on August 24, 2010. The deadlines set during the scheduling conference are set out as follows.

## I. Pretrial Deadlines

### A. Discovery Deadlines

All fact discovery must be commenced in time to be completed by **July 1, 2011.** No extension of the discovery deadline will be granted unless the party requesting the extension affirmatively shows actual efforts taken to obtain all needed discovery within the allocated time frame. (i.e., no extensions will be granted when counsel has not taken full advantage of the allocated discovery time.)

Disclosure of expert witnesses – including a complete report under Rule 26(a)(2)(B) from any specially retained or employed expert – is due from plaintiff(s) by **August 1, 2011**, and from

defendant(s) and third-party defendant(s) by **September 23, 2011**. Plaintiff(s)'s experts shall be put up for deposition no later than **September 1, 2011,** and defendant(s) and third-party defendant(s) experts shall be put up for deposition no later than **October 21, 2011**. Supplementations under Rule 26(e) (other than experts) are due by **June 30, 2011.**

Disclosure of the final lists of trial witnesses and exhibits under Rule 26(a)(3) must be filed and served by plaintiff(s) **thirty days prior to trial** and by the defendant(s) and third-party defendant(s) **thirty days prior to trial**. **The 14-day period for objections set forth in Rule 26(a)(3) shall apply, except the list of objections should be served but not filed. The parties must meet and confer in an effort to resolve the objections before filing any objections to the evidence. (See Section IV).**

Any requests for extension of any deadlines must be filed at least **two business days prior to that deadline** to be considered. **Good cause must be shown for the extension of any deadline**. Good cause includes a showing of what discovery, etc., has already been completed and precisely why the deadlines cannot be met.

**B. Deadlines to Amend Pleadings**

Plaintiff(s) may amend pleadings and/or join additional parties, in accordance with Fed. R. Civ. P. 15, until **September 30, 2010**. Defendant(s) and third-party defendant(s) may amend pleadings and/or join additional parties, in accordance with Fed. R. Civ. P. 15, until **November 30, 2010**.

**C. Joint Status Report**

Joint status reports will be due every 60 days beginning October 2010 until October 2011. Counsel shall file with the court its first Joint Status Report on **October 18, 2010** and the second

on **December 13, 2010**. The court reserves the right to order 90-day status reports upon further notice as the case develops. The status reports should include enough information to allow the court to understand the nature of the case, its current status, including any pending motions, and any current or anticipated problems in preparing the case for trial. Specifically, the court should be advised of the pertinent issues and the parties' positions as to those issues. The status reports should not be used to argue the party's case, or to present all possible legal theories. Instead, the reports should apprise the court of the case and current issues affecting trial preparation.

As part of the status reports, parties should consider the prospects for settlement of this matter and shall report their efforts to do so. If any party is of the opinion that a court-conducted settlement conference would be helpful, that party may request by separate writing that the court conduct such a conference as a part of or separate from the scheduled status conference. Such party should be prepared to suggest a reasonable basis for consideration of settlement and should be prepared to make a reasonable offer or acceptance.

Also as part of the status reports, parties shall notify the court whether they are agreeable to submitting this case to mediation conducted by a mediator from the panel of neutrals.

**D. Status Conference**

This case is set for regular 60-day status conferences, the first to be held on **October 22, 2010** and the second to be held on **December 17, 2010**. The court will issue an order setting a specific time approximately one month before the conference, and anticipates setting other status conferences at approximately 60-day intervals. The court reserves the right to adjust the status conference periods to 90-day intervals upon further notice as the case develops.

**E. Pretrial**

**This case** **is set for pretrial** **on January 27, 2012** in fifth floor chambers of the undersigned in the Hugo L. Black U.S. Courthouse in Birmingham, Alabama. Parties will receive a pretrial docket approximately a month prior to the pretrial date indicating the time at which they are to report for the pretrial conference. Pretrial order instructions are available on the court's website at www.alnd.uscourts.gov under the court information for Judge Bowdre. The case should be ready for trial by **February 27, 2012**. A trial date will be set at the pretrial conference.

Note: Cases in which no dispositive motion is filed by the deadline may be set for an earlier pretrial conference.

## II. Discovery Disputes

No motions concerning discovery matters should be filed until counsel have exhausted all efforts to resolve the dispute among themselves. Every discovery motion must affirmatively state all efforts to resolve the disputed matter; failure to attempt to resolve the dispute without court intervention or to affirmatively so state will result in the automatic denial of the motion.

Immediately upon receiving a discovery motion, the court will set a hearing approximately one week later. Every discovery motion must include a proposed resolution of the dispute. Within **three days** of receiving notice of the motion, the non-moving party(ies) must file a response that also includes a proposed resolution of the dispute. At the hearing, the court will accept the most reasonable of the parties' proposals, and discovery will proceed pursuant to the terms described in the accepted proposal.

Discovery disputes will occasionally be referred to a magistrate judge for handling. Because decisions concerning discovery rest largely within the discretion of the judge, objections

to a magistrate's ruling on a discovery matter should rarely be made and will rarely be granted absent a clear showing that the decision was clearly erroneous or contrary to law. See 28 USC § 636.

**III. Submission of Motions**

All potentially dispositive motions and motions pursuant to *Daubert* must be filed by **November 14, 2011**, and must comply with this court's requirements as stated in "Appendix II" available on the court's website at www.alnd.uscourts.gov under the court information for Judge Bowdre. In its discretion, the court may enter a separate submission order. Counsel shall refrain from filing any motion for summary judgment where a reasonable person would recognize that genuine issues of material fact exist.

All other pre-trial motions, including challenges to expert witnesses but not including other motions in limine, must be filed by the same date.

All other motions must be filed promptly after the movant becomes aware of facts indicating the need to file a motion. All briefs as well as pleadings should be filed with the Clerk of the Court. No courtesy copies of pleadings will be accepted, but the court **requires courtesy copies of briefs and evidentiary submissions to be delivered to the clerk's office (not to chambers) marked as judge's courtesy copy.**

The court shall promptly dispose of nondispositive motions. Without prior notice, it may summarily dispose of perfunctory and/or other motions where the facts and law appear to be clear. Therefore, when served with a motion, any party who wishes to oppose it should immediately telephone the court's chambers and so advise. Opposing briefs and documents shall follow within **three days** after the motion is filed if notice is first given to the court of an intent

to file opposition.

If the court enters a briefing schedule, the court will generally decide such motions within thirty days of the submission date. The court encourages counsel to contact the judge's chambers to verify that a motion is scheduled for a determination if counsel has not received a decision on the motion within **forty-five days** of its submission date.

ALL briefs, whether on pretrial or post trial motions, must comply with the requirements of "Appendix II" as far as practicable given the nature of the particular motion, including page limitations, unless the court grants specific permission to deviate. Unless the motion is dispositive, parties are not required to comply with Section D.

All motions, responses, briefs, and memoranda relating to any matter set for hearing before **the court must be filed electronically no** later than 4:30 p.m., the day before the date of the hearing. Papers filed after that time will not be considered at the hearing.

**IV. Trial Exhibits**

Each party that anticipates offering as substantive evidence six exhibits or more shall premark such exhibits in advance of trial, using exhibit labels and exhibit lists available from the Clerk of Court. At least **thirty days prior to trial**, all counsel shall serve and file a copy of the exhibit list under Rule 26(a)(3), with the exhibits being made available for inspection by opposing counsel; the presentation of evidence at trial shall not ordinarily be interrupted for opposing counsel to examine a document that has been so identified and made available for inspection. Exhibits not listed will not be admitted in the case-in-chief unless good cause is shown. Within **fourteen days** of receipt of the exhibit list, counsel shall serve but not file a list of any objections to the exhibits, and shall meet and confer in an effort to resolve the objections.

Any unresolved objections regarding the admissibility of any evidence should be submitted by motion in limine at least **five business days prior to trial**.

**Except as expressly modified by the above, the stipulations, limitations, deadlines and other agreements set forth in the report of the parties shall apply in this case.**

DONE and ORDERED this 27th day of August, 2010.

KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE